**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000368
24-OCT-2024
08:15 AM
Dkt. 106 ODMR**

CAAP-23-0000368

IN THE INTERMEDIATE COURT OF APPEALS

STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
OSCAR KANOA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-22-0001037)

ORDER DENYING MOTION FOR RECONSIDERATION
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon consideration of Defendant-Appellant Oscar Kanoa's (**Kanoa**) August 29, 2024 [Kanoa's] Motion for Reconsideration, it appears that Kanoa requests reconsideration of this court's August 19, 2024 Summary Disposition Order, arguing that the court erred by failing to analyze Kanoa's arguments based on the standard applicable to motions for judgment of acquittal.

As argued by Kanoa, the Hawaiʻi Supreme Court has held:

> When reviewing a motion for judgment of acquittal, we employ the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima

> facie case requires "substantial evidence" as to every material element of the offense charged. "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give "full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact."

State v. Angei, 152 Hawaiʻi 484, 492, 526 P.3d 461, 469 (2023) (citations omitted).

On appeal, with respect to the motion for judgment of acquittal, Kanoa's argument was that the State presented no evidence that Bonnie Vierra's (**Vierra's**) life could have been saved with earlier medical intervention and no evidence that Kanoa failed to call for medical intervention at the first sign that Vierra was suffering from serious physical injury. Upon further and full consideration of, *inter alia*, this court's disposition and Kanoa's argument for reconsideration, we conclude that although the above-referenced standard was not specifically set forth in the summary form of disposition utilized in this case, it was properly analyzed and applied to the parties' arguments and the record in this case. Accordingly, we conclude that Kanoa fails to demonstrate that the court overlooked or misapprehended any point of law or fact when it issued the August 19, 2024 Summary Disposition Order. See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 40(b).

Therefore, IT IS HEREBY ORDERED that [Kanoa's] Motion for Reconsideration is denied.

DATED: Honolulu, Hawaiʻi, October 24, 2024.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge